**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**KIMBERLY B. GORDON**                                                    **PLAINTIFF**

**VERSUS**                                                   **CAUSE NO.: 3:19-CV-257-MPM-RP**

**PARMAN TRANSPORTATION, LLC AND
JOHN DOE CORPORATION**                                         **DEFENDANTS**

**ORDER**

      This court presently has before it a motion for contempt filed by defendant Parman Transportation, LLC. In its motion, defendant notes that plaintiff Kimberly Gordon has continued to refuse to sign the settlement agreement in this case, notwithstanding this court's prior order granting the motion to enforce settlement. While this court does not minimize the seriousness of plaintiff's failure to sign the settlement agreement, it is hesitant, at this time, to find her in actual contempt for refusing to do so. In so stating, this court notes that it deliberately phrased its order granting the motion to compel settlement in terms of it being *in plaintiff's interest* to sign the settlement agreement, and, in its view, she might have reasonably interpreted this language as something short of an unequivocal directive for her to do so. Specifically, this court wrote that "[i]t is unclear to this court why plaintiff has refused to sign the settlement agreement in question, but it takes this opportunity to advise her that, if she wishes to obtain any financial recovery arising out of the automobile accident in this case, then she must sign the agreement in question." [slip op. at 1].

      While this court did later "direct" plaintiff to "consummate the settlement to which she agreed," the order as a whole was, at least arguably, something less than an unequivocal directive for her to do so. This court is therefore hesitant to find plaintiff in contempt now, particularly since it believes that she is essentially only punishing herself by refusing to sign the settlement

1

agreement.  Moreover, this court regards its order compelling settlement as being, to some extent, self-enforcing, since the punishment for plaintiff's failure to comply with it is essentially "baked into the cake."  Indeed, this court made clear in its order that "[t]he lawsuit filed before this court represents her one opportunity to obtain [any] financial recovery, and, in light of the settlement reached herein, this lawsuit will not be going forward."  [*Id.*]

  This court notes that plaintiff submitted a letter response to the motion for contempt, in which she denies that she verbally consented to settle the case, as her attorney contends.  Plaintiff's own documents appear to cast doubt upon this assertion, however.  Specifically, plaintiff has attached a June 14, 2021 e-mail in which she asked her attorneys "[d]id you mail out the check? I never received it or heard back from you." [Letter response at 22].  Thus, plaintiff's own e-mail clearly seems to indicate a consciousness that she had authorized her attorneys to settle this case, and the enforceability of the settlement in this case thus seems quite clear.  In reply to plaintiff's letter brief, defendant argues that plaintiff's real complaint with the settlement is that her final disbursement, once attorneys' fees and other expenses were deducted, was unexpectedly small.  [Reply at 2].  This appears to be the most likely explanation for plaintiff's actions, and this court takes this opportunity to explain to her that the allocation of the settlement between herself and her attorneys is a private contractual matter which in no way absolves her of her responsibility to consummate the settlement to which she agreed.  Moreover, plaintiff submitted her letter in response to the motion for contempt, not the motion to compel settlement, and the enforceability of the settlement is therefore a settled issue.

  With regard to the motion for contempt, this court is hesitant, in light of the language of its original order, to find plaintiff in contempt at this time.  However, this court now believes that it has a greater understanding of plaintiff's actions, and it will, therefore, state explicitly and

2

unequivocally that she must sign the settlement agreement in this case. If she refuses to do so, this court will, in fact, grant any renewed motion for contempt. Having said that, this court cannot physically force plaintiff to sign the settlement agreement, and it will not order her incarcerated based upon this matter. This court will likewise not order monetary sanctions, since, once again, plaintiff is, for all intents and purposes, already sanctioning herself monetarily by not signing the settlement agreement. This does not mean that a finding of contempt would be a trivial matter, however. To the contrary, this court notes that a finding of contempt by a federal judge can be a significant stain on anyone's public record, and it can be a significant hindrance in certain situations, such as employment applications and in future lawsuits. This court cannot discern why plaintiff would consider it in her interest to both deny herself a very significant financial recovery and to stain her own record in this manner, and it therefore both encourages and orders her to keep her word to defendant and consummate the settlement of this case.

It is therefore ordered that defendant's motion for contempt is denied, without prejudice to a future motion if plaintiff continues to refuse to sign the settlement agreement in this case.

This, the__day of October, 2021.

/s/ Michael P. Mills
U.S. DISTRICT COURT